## KIRKPATRICK v. GOLDSMITH et al.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

*. BILLS AND NOTES—LIMITATIONS—SUSPENSION OF STATUTE—PAYMENT—EVI-
DENCE.
 Where the maker of notes had a general merchandise account against the husband of the payee and indorsee, and credited such account with interest on the notes, such credits were admissible against the maker's estate in a proceeding to establish the notes as a claim against the maker's estate, in which the administrator pleaded limitations, as admissions of the facts shown thereby.

2. SAME—EFFECT.
 Credits of interest on notes by the maker in a ledger account against the husband of the payee and indorsee, not shown to have been authorized or acquiesced in by such payee, were insufficient to suspend the statute of limitations as against the notes.

Appeal from judgment on report of referee.

Proceeding by Emma J. D. Kirkpatrick, as trustee, etc., against Benjamin J. Goldsmith and another, as administrators of the estate of Mark M. Cohn, deceased, to establish a claim against decedent's estate. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

This judgment was entered upon the direction of a referee, who was appointed under the statute to determine a claim against an estate. The claim made was upon two promissory notes, one for $500, dated September 28, 1889, whereby the defendants' intestate promised to pay to the order of Florence D. Kirkpatrick the sum of $500, with interest, 12 months from date. The second note was dated July 10, 1890, whereby the defendants' intestate promised to pay to Emma J. D. Kirkpatrick, as trustee for children, or order, $1,000, with interest, 12 months from date. The first note was duly transferred to the plaintiff. Mark M. Cohn, the maker of the notes, died October 22, 1898, and the defendants are his administrators. The defense to both notes was the statute of limitations. This the plaintiff sought to avoid by claiming a payment made upon the notes within six years prior to the death of the defendants' intestate. The referee has held the notes barred by the statute of limitations, and has dismissed the plaintiff's complaint.

Argued before PARKER, P. J., and SMITH, LYON, CHASE, and CHESTER, JJ.

Edgar T. Brackett, for appellant.
John Foley, for respondents.

SMITH, J. Upon this appeal plaintiff abandons her claim except upon the two notes executed by the defendants' intestate. Those notes, having been executed and having become due more than six years prior to the death of the maker, were barred by the statute of limitations unless the liability has been acknowledged by some writing signed by the party liable, or such payment has been made there-

on as would create a renewal thereof to prevent the running of the statute. There is no claim here of an acknowledgment signed by the maker, and the appellant must rest her case upon her claim of payment made in 1893.

The plaintiff was the wife of David E. Kirkpatrick, and held certain moneys as trustee for her children. Florence Kirkpatrick was one of her children. Mark M. Cohn was a dealer in general merchandise in Saratoga, and, from 1892 down to some time in 1894, had an account with D. E. Kirkpatrick, the husband of the plaintiff. Upon the debit side of that account there are certain items of merchandise purchased. Upon the credit side appear the following items:

1891.
Sept. 28, by int. F. K. note ........................................ 30
1892.
July 10, "  " Trustee "  ........................................ 60
1892.
Sept. 28, "  " F. K. "  ........................................ 30
1893.
July 11, "  " Trustee "  ........................................ 60
Sept. 28, "  " F. K. "  ........................................ 30

This account appears upon page 251 of the ledger of Mark M. Cohn, and these entries are sworn to be in his handwriting. That account was afterwards carried forward to page 347, where the account appears in the name of Mrs. D. E. Kirkpatrick. It was afterwards carried to page 348, where it appears under the name of D. E. Kirkpatrick again; and it was afterwards carried to a new ledger upon page 63, where it appears under the name of D. E. Kirkpatrick.

The claim of the appellant is that these entries in the handwriting of Mark M. Cohn constitute an admission by him of payment upon July 11, 1893, of $60 upon the $1,000 note to the plaintiff as trustee; and upon September 28, 1893, of $30 upon the $500 note to Florence Kirkpatrick. I think there can be no doubt that it was the intention of Cohn to credit these sums as a payment of interest upon these notes at the times specified. The notes seem to be clearly identified by the date of payment, the amount paid, and the memorandum made in connection therewith, and further by the fact that those credits were made in the account of D. E. Kirkpatrick, the husband of the plaintiff and the father of Florence Kirkpatrick. I have no doubt, therefore, that the entries are proper evidence as admissions of these facts, by Mark M. Cohn. But do the facts admitted remove the bar of the statute? In Maber v. Maber, L. R. 2 Exch. 153, Martin, B., in writing for the majority of the court, discusses the effect of part payment upon the operation of the statute, and says:

"This question of payment of principal and interest, therefore, is left to what may be said to be the common law, and any transaction which would have amounted to a payment of principal or interest in the interval between the original statute of limitations and the passage of Lord Tenterden's act continues to have the same effect. I have had occasion twice to give a judgment upon this matter— First, in the case of Bodger v. Arch, 10 Ex. 333, and, secondly, in the case of Amos v. Smith, 1 H. & C. 238, 31 L. J. Ex. 423; and in both cases I stated that, in my judgment, any facts which would prove a plea of payment of interest in an action brought to recover it would be a payment sufficient to bar the statute."

Bramwell, B., in dissenting, says:

"* * * And I quite agree that if the evidence given would have supported the plea of payment, then there is a sufficient payment of the interest to take the case out of the statute of limitations."

Channell, B., in further concurring in the decision, says:

"The question strictly is one of law, and we are all agreed that the answer to an inquiry, whether the facts would have supported a plea of payment, is the test of whether they take the case out of the statute."

This rule has been approved in the Matter of Thompson, 5 Dem. Sur. 397. I am unable to see under the facts proven here how a plea of payment could have been sustained in an action brought by the plaintiff for this interest before the running of the statute. Here appears to have been a credit in the account of David E. Kirkpatrick. It does not appear that the credit was ever assented to by the plaintiff or Florence Kirkpatrick, or that it was ever known to them. A credit to an account of a third person not shown to have been authorized by the creditor, or to have been acquiesced in by him, cannot be held to be a satisfaction of the claim for interest due. Under the authorities cited, it is not such a payment as can be held to bar the running of the statute of limitations.

The judgment must therefore be affirmed.

Judgment unanimously affirmed, with costs. All concur.